```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NICODA NICHOLSEN;                                           :
EWEN SALMON;                                                :
ROSETTA NATHANIEL,                                          :
                              Plaintiffs,                   :
                                                            :
              -v-                                           :   12 Civ. 6236 (JPO)
                                                            :
FEEDING TREE STYLE, INC., d/b/a                             :   OPINION AND ORDER
THE FEEDING TREE;                                           :
PHILIP SALMON,                                              :
                              Defendants.                   :
                                                            :
-------------------------------------------------------- X
```

J. PAUL OETKEN, District Judge:

Plaintiffs filed this action asserting claims under the Fair Labor Standards Act and New York Labor Law. Defendants have filed counterclaims against Plaintiff Ewen Salmon for breaches of fiduciary duty and the duty of loyalty. Plaintiffs move to dismiss the counterclaims for lack of subject matter jurisdiction and for failure to state a claim. Their motion is granted.

**I.     Background**

Plaintiffs allege the following facts. Feeding Tree is a restaurant in the Bronx. Plaintiff Ewen Salmon was a food service worker at Feeding Tree from November 2003 through July 2012. Ewen[1] alleges that, starting in August 2006, he worked over sixty-five hours a week for a weekly paycheck of no more than $450. Feeding Tree docked Ewen's pay by $75 if he missed a day of work, but paid him only $50 if he worked an eleven- or twelve-hour shift on his day off. In July 2012, Feeding Tree promised Ewen that he could take two weeks of paid vacation. Ewen took the vacation time, but when he returned, Feeding Tree refused to pay him. Ewen was

---

[1] Because two parties share the last name "Salmon," this opinion refers to Ewen Salmon as "Ewen."

fired when he complained. The other two Plaintiffs, Nicoda Nicholsen and Rosetta Nathaniel, also worked at Feeding Tree as food service workers. They, too, were fired in July 2012 after complaining about Feeding Tree's wage and hour violations.

Defendants' answer denies many of these allegations and asserts permissive counterclaims against Ewen for breach of his fiduciary duty and duty of loyalty to Feeding Tree. Defendants claim that Ewen breached his duties to Feeding Tree by stealing a ledger in which Feeding Tree employees recorded the hours they had worked. Ewen allegedly knew that employees had reported the beginning and end of their shifts in this ledger for several years. The counterclaim does not contain any allegations about when Ewen stole the ledger.

Plaintiffs move to dismiss these counterclaims on two grounds. First, Plaintiffs argue that the counterclaims are not part of the same case or controversy as the claims raised in the complaint, and therefore, the counterclaims are outside the Court's supplemental jurisdiction. Second, Plaintiffs argue that Defendants have failed to state a claim. If the Court declines to dismiss Defendants' counterclaims, Plaintiffs seek to amend their complaint to allege that Defendants' counterclaims are retaliatory under FLSA and New York Labor Law. Defendants oppose the motion[2] and, in the alternative, seek leave to amend their counterclaims.

---

[2] Defendants' opposition was due December 5, 2013, but it was not filed until December 18. The opposition explains that, by fax dated December 3, counsel requested that the Court extend his deadline to December 17. Counsel resubmitted the December 3 fax as Exhibit A to his opposition: in the fax, counsel explains that his first child was born December 1, and his wife suffered complications during the delivery. She was expected to remain in the hospital until December 4.
   These circumstances are obviously compelling, especially because defense counsel appears to be a solo practitioner. It is understandable that counsel failed to follow up with the Court and ask whether his extension request was received. The Court accepts Defendants' opposition.
   For future reference, submissions by fax are not allowed under the Court's Individual Practices in Civil Cases. This is why the Court did not receive counsel's request.

2

## II. Discussion

### A. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to make a short, plain statement that articulates the grounds for the court's jurisdiction and otherwise shows that the pleader is entitled to relief. When a motion to dismiss attacks the facial sufficiency of a pleading, the court reviews the pleading for plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (establishing plausibility standard); *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (applying plausibility standard to facial attack on subject matter jurisdiction). To review a pleading for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

### B. Application

#### 1. Subject Matter Jurisdiction

Defendants argue that their counterclaims fall within the Court's supplemental jurisdiction. Supplemental jurisdiction over counterclaims involves two similar-sounding but distinct terms of art. The first term is "transaction or occurrence." A counterclaim that does not arise from the same transaction or occurrence as the claims in the complaint is permissive. Fed. R. Civ. P. 13. Defendants have conceded that their counterclaims are not part of the same transaction or occurrence as Plaintiffs' FLSA claims. (Defs.' Opp. at 1–3.)

The second term is "nucleus of operative fact." Federal district courts have jurisdiction over any claim that is part of the same case or controversy as claims within the court's original jurisdiction. 28 U.S.C. § 1367. Federal and state law claims are part of the same case or controversy if they share a common nucleus of operative fact. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (holding that § 1367 codified the "common nucleus of operative fact" principle); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). And claims share a common nucleus of operative fact if the facts underlying the federal claim entail most or all of the facts underlying the state law claim. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) ("[W]e have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court.'" (alterations omitted)) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

Permissive counterclaims—claims that do not arise out of the same transaction or occurrence as the claims in the complaint—may fall within the court's supplemental jurisdiction. In other words, it is possible for a claim and a counterclaim to arise out of two different transactions or occurrences, yet still share a common nucleus of operative fact. So just how many operative facts must overlap before a state law claim falls into the realm of supplemental jurisdiction? Many courts have held that, even if two claims arise out of the same employment relationship, that relationship alone is not enough to sustain supplemental jurisdiction. In a case frequently cited for this proposition, *Torres v. Gristede's Operation Corporation*, FLSA defendants raised counterclaims against their former employee, alleging that he engaged in various instances of misconduct during his employment. Judge Sullivan held that the only fact shared between the complaint and the counterclaims was the parties' employment relationship,

4

which was not a nucleus of fact sufficient to support supplemental jurisdiction. 628 F. Supp. 2d 447, 468 (2008). Many other courts agree. *See generally Lyon v. Whisman*, 45 F.3d 758, 762–64 (3d Cir. 1995) (collecting cases and thoroughly discussing this issue).

What more is there, in this case, to connect the faithless servant counterclaims to Plaintiffs' FLSA claims? There are two important differences. It is overwhelmingly likely that, during the course of this litigation, the Court will need to determine (1) whether the ledger existed and (2) whether Ewen stole it.

First, the parties will almost certainly litigate whether this ledger exists. FLSA requires employers to keep accurate records of hours worked by its employees. 29 U.S.C. § 211(c); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011). If an employer fails to keep these records, the Supreme Court has held that the employer, not the employee, should bear the resulting burden in a FLSA suit. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946); *Kuebel*, 643 F.3d at 362–63 (discussing *Anderson*). Therefore, in the absence of accurate employment records, an employee facing summary judgment may satisfy his burden to prove the hours he worked by "estimates based on his own recollection." *Daniels v. 1710 Realty LLC*, 497 Fed. App'x 137, 139 (2d Cir. 2012) (citing *Kuebel*, 643 F.3d at 362). These estimates are sufficient to shift the burden of production to the employer, which must rebut the employee's estimates with evidence of either the exact amount of hours worked or the unreasonableness of the employee's estimate. *Id.* (citing *Anderson*, 328 U.S. at 687–88); *Kuebel*, 643 F.3d at 362 (same). In this case, Defendants have strongly suggested that the ledger is the most accurate (and perhaps the only) record of the hours Plaintiffs worked for Feeding Tree. (*See* Defs.' Opp. at 2 ("Plaintiff Salmon removed a book/ledger with payroll records which are critical to show hours worked by employees.").) The Court will need to determine whether this ledger exists in order to apply the appropriate burden of production at summary judgment.

Second, the parties will dispute whether Ewen has or had the ledger in his possession. Defendants will almost certainly demand that Ewen produce the ledger in discovery; it appears that Ewen will not produce the ledger, because he denies that it exists. (Pls.' Opp. at 7, Dkt. No. 42.) If Ewen fails to produce the ledger, Defendants may move for sanctions—perhaps even dismissal of Ewen's claims. A party may be subject to sanctions under Federal Rule of Civil Procedure 37 if he fails to make necessary disclosures in discovery. And a party may be subject to spoliation sanctions if, by his acts or omissions, he significantly alters evidence that may be used in reasonably foreseeable litigation. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991)). To determine whether sanctions are appropriate for failure to either produce or preserve the ledger, the Court will need to decide whether Ewen possessed it in the first place. This is another operative fact underlying Defendants' counterclaims.

These operative facts distinguish this case from other FLSA cases dismissing permissive counterclaims for lack of supplemental jurisdiction. In *Torres*, for example, the defendants alleged that the plaintiff had sexually harassed coworkers and falsified information on his employment application. 628 F. Supp. 2d at 466. The plaintiff's alleged misconduct was completely irrelevant to his FLSA claims: the defendants did not claim that they withheld the plaintiff's wages because of his misconduct. But for the defendants' counterclaims, the plaintiff's alleged misconduct would not have been at issue during the course of the litigation. Here, however, litigation of the FLSA claims will entail a substantial portion of the operative facts underlying the theft of the ledger: the Court will ultimately determine when Ewen's duties as an employee ceased, whether Feeding Tree kept adequate employment records, and whether Ewen has or had those records in his possession. This is more than a mere causal relationship between the two claims, which some courts have held to be insufficient. *See, e.g.*, *Envisn, Inc. v.*

6

*Davis*, No. 11 Civ. 12246, 2012 WL 1672887, at *3 (D. Mass. May 11, 2012) ("A broad causal relationship is insufficient to confer supplemental jurisdiction.") (citing *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 806–07 (S.D. Ind. 1998); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998–99 (E.D. Mich. 1996)). Instead, litigation of the Plaintiffs' FLSA claims will require the Court to decide a nucleus of operative facts that underlies the Defendants' counterclaims. The Court therefore has supplemental jurisdiction over the counterclaims.

District courts may decline to exercise supplemental jurisdiction only on grounds listed in § 1367(c). Because none of those grounds apply here, the Court must retain jurisdiction over Defendants' counterclaims.

### 2.   Breach of Fiduciary Duty and Duty of Loyalty

The duty of loyalty encompasses one subset of the many duties that a fiduciary owes to his agent. Restatement (2d) of Agency §§ 387–98. Defendants' claim that Ewen breached a duty of loyalty is therefore duplicative of their claim that he breached a fiduciary duty. The duty of loyalty claim is dismissed as duplicative.

To state a claim for breach of a fiduciary duty, a pleading must allege that a fiduciary relationship existed, that the fiduciary knowingly breached one of the duties imposed by that relationship, and that damages resulted. *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115, 134 (2d Cir. 2008). An employment relationship is a fiduciary relationship. Even after an employment relationship terminates, an employee may have continuing duties to his employer. *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 914 (2d Cir. 1998) (citations omitted). For example, by virtue of a prior employment relationship, a former employee may have access to an employer's property—perhaps he retained his employer's key after his employment ended. Because the employee originally obtained the key to serve the ends of the fiduciary relationship with his employer, he is arguably duty-bound not to appropriate the key, or the property to which

the key grants access, for his own use. *Cf. United States v. Chestman*, 947 F.2d 551, 569 (2d Cir. 1991) (*en banc*) ("In relying on a fiduciary to act for his benefit, the beneficiary of the relation may entrust the fiduciary with custody over property of one sort or another. Because the fiduciary obtains access to this property to serve the ends of the fiduciary relationship, he becomes duty-bound not to appropriate the property for his own use."). On the other hand, if an employee stole an item from his former place of employment by means unrelated to the employment relationship, it would be difficult to argue that such action violated an ongoing fiduciary duty.

Defendants' counterclaim simply alleges that Ewen stole a ledger he knew to be valuable to Feeding Tree. The counterclaim does not allege that this theft took place while Ewen was employed at Feeding Tree, and it does not allege that the theft was in violation of any ongoing fiduciary duty following termination of Ewen's employment. The counterclaim therefore fails to state a claim.

### 3. Leave to Amend

Leave to amend a pleading must be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When a court grants a motion to dismiss, it is appropriate to grant leave to amend unless amendment would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, amending the counterclaim would not be necessarily futile. Defendants may file an amended counterclaim within thirty days of the date of this opinion and order.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion to dismiss the counterclaims is GRANTED without prejudice to Defendants' filing an amended counterclaim within thirty days.

The Clerk of Court is directed to terminate the motion at Docket No. 41.

SO ORDERED.

Dated: New York, New York
       February 6, 2014

_____
J. PAUL OETKEN
United States District Judge